UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Deon Sinkfield, Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The Quasi Corporation of America,<br><br>Defendant. | Civil No. 23-CV-3551 (ADM/DJF)<br><br>**ORDER** |

     Plaintiff Deon Sinkfield, Jr., filed this action in the United States District Court for the Middle District of Pennsylvania seeking independence from the federal government—which, in Sinkfield's view, is a "Quasi Corporation" controlled by "ITS VATICAN SHAREHOLDERS AND WORLD UN/UK STOCKHOLDERS." Petition at 10 [ECF No. 1] (emphasis in original). The Middle District of Pennsylvania concluded, after reviewing Sinkfield's pleading that the interest of justice necessitated that this matter be transferred to this District. See ECF No. 5 (citing 28 U.S.C. § 1404(a)).

     Sinkfield had not paid the filing fee or applied for *in forma pauperis* ("IFP") status in the Middle District of Pennsylvania, and so, upon transfer to this District on November 16, 2023, the Clerk of Court informed Sinkfield that he would be required to pay the filing fee or apply for IFP status within 15 days, failing which this matter could be dismissed for failure to prosecute. See ECF No. 7. That deadline has now passed and

Sinkfield has not complied. Accordingly, this Court now directs, consistent with the warning previously given to Sinkfield, that this action is dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

The Court notes, however, that even if Sinkfield had paid the filing fee or applied for IFP status, this matter was destined for dismissal. See 28 U.S.C. § 1915(e)(2)(B); Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996), (noting that a district court may sua sponte dismiss a frivolous complaint prior to service of process); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee."). The pleading submitted by Sinkfield is not merely frivolous, but incomprehensible. There is no arguable basis upon which to conclude from the pleading that Sinkfield could possibly be entitled to relief from the United States. But because Sinkfield has elected not to take the necessary steps towards prosecution of this frivolous action, the Court will dismiss this matter on the basis of the failure to prosecute rather than the frivolity.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that this matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 11, 2023

s/Ann D. Montgomery
Ann D. Montgomery
United States District Judge